24-992-cv
*Mitchell v. N.Y.C. Dep't of Educ.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty-five.

PRESENT:

> BARRINGTON D. PARKER,
> BETH ROBINSON,
> MYRNA PÉREZ,
> > *Circuit Judges.*

——————————————————————————

DWAIN MITCHELL,

> *Plaintiff-Appellant*,

> v.                                                               No. 24-992

NEW YORK CITY DEPARTMENT OF EDUCATION,
DAISY FONTANEZ, FORMER PRINCIPAL OF MS 415
WADLEIGH SECONDARY SCHOOL FOR VISUAL
AND PERFORMING ARTS,

> *Defendants-Appellees*.

——————————————————————————

FOR APPELLANT:                          BRYAN D. GLASS, Glass & Hogrogian
                                        LLP, New York, NY.

FOR APPELLEE:                           RICHARD DEARING, Assistant
                                        Corporation Counsel (Claude S. Platton,
                                        Geoffrey E. Curfman, Assistant
                                        Corporation Counsels, *on the brief*), *for*
                                        Muriel Goode-Trufant, Corporation
                                        Counsel of the City of New York, New
                                        York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 19, 2024, is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for proceedings consistent with this summary order.[1]

Plaintiff-Appellant Dwain Mitchell, a former New York City schoolteacher, appeals from the district court's dismissal of his employment discrimination, retaliation, and due-process claims against the New York City Department of Education ("DOE") and Daisy Fontanez, who was the principal of the school

---

[1] Although the district court did not enter judgment on a separate document as required by Federal Rule of Civil Procedure 58(a), the judgment became final 150 days after the order was entered on the docket, *see* Fed. R. Civ. P. 58(c)(2)(B), and we deem Mitchell's notice of appeal to have been timely filed as of that date, *see* Fed. R. App. P. 4(a)(2); *see also* Fed. R. App. P. 4(a)(7)(B) ("A failure to set forth a judgment or order on a separate document when required by [Rule] 58(a) does not affect the validity of an appeal from that judgment or order.").

where Mitchell last taught. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

## I.    BACKGROUND[2]

Mitchell is a Black man who was in his 60s when he was last employed by DOE. He was employed at the DOE beginning in 1994. After serving as a substitute teacher at Wadleigh Secondary School for the Performing and Visual Arts ("Wadleigh") for two years, Mitchell was hired as a teacher there in September 2016.

As he approached retirement age, he started to receive poor performance ratings regardless of his actual performance. In particular, Fontanez gave Mitchell a poor performance rating for the 2016–17 school year, despite Mitchell's students' strong academic performance. And the DOE terminated Mitchell's employment at the end of the following academic year, on June 25, 2018, following a discontinuance hearing.

---

[2] Except where noted, we draw the following facts from the allegations in Mitchell's amended complaint, which we accept as true for purposes of our analysis. *See Kassner v. 2nd Avenue Delicatessen, Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).

Mitchell, representing himself, filed this action alleging that the DOE and Fontanez violated Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Civil Rights Act of 1866 ("Section 1981"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") by discriminating against him on the basis of sex, race and age, retaliating against him for protected activity, and violating his due process rights by affording inadequate process when terminating him. The district court dismissed his initial complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), No. 20 Civ. 1555, 2022 WL 621956, at *8 (S.D.N.Y. Mar. 3, 2022), and then dismissed his amended complaint without leave to amend, No. 20 Civ. 1555, 2024 WL 1175018, at *18 (S.D.N.Y. Mar. 19, 2024). Mitchell appealed, and is now represented by counsel.[3]

---

[3] Mitchell does not on appeal challenge the district court's dismissal of (1) NYSHRL and NYCHRL claims against the DOE, (2) Title VII and ADEA claims against Fontanez, (3) Title VII and ADEA claims to the extent they arise from allegedly discriminatory acts occurring before June 6, 2018, (4) Title VII and § 1983 claims to the extent they allege sex discrimination, and (5) his § 1981 claims (which were construed as § 1983 claims) against the DOE. *See* No. 20 Civ. 1555, 2024 WL 1175018, at *12, 16 (S.D.N.Y. Mar. 19, 2024). Because his appeal briefs do not mention any of these claims, Mitchell has abandoned any challenge to the district court's judgment for the DOE on those counts. *Hughes v. Bricklayers and Allied Craftworkers Local No.45*, 386 F.3d 101, 104 n.1 (2d Cir. 2004) (issues not raised in opening brief are considered abandoned).

## II.    DISCUSSION

We review the grant of a motion to dismiss without deference to the district court's reasoning, "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor."[4] *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *See id.* at 741.  We read a self-represented litigant's pleadings "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).  We consider in turn Mitchell's discrimination, retaliation, and due-process claims.[5]

### A.  Discrimination

At issue is whether Mitchell alleged sufficient facts to support an inference of discrimination on the basis of age or race.  Under Title VII and § 1983, a complaint must plausibly allege that a protected characteristic was a "motivating factor" in an adverse employment action, *Vega v. Hempstead Union Free School Dist.*,

---

[4] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

[5] Like the district court, we construe Mitchell's claims brought under 42 U.S.C. § 1981 to be claims brought under 42 U.S.C. § 1983, because "§ 1981 does not provide a separate private right of action against state actors" like the DOE. *Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018).

5

801 F.3d 72, 86 (2d Cir. 2015), while under the ADEA, a complaint must plausibly allege that age was a "but-for" cause of an adverse employment action, *Lively v. WAFRA Investment Advisory Group, Inc.*, 6 F.4th 293, 303 (2d Cir. 2021).

We have described a plaintiff's burden at this stage of the case as "minimal" and have held that "[t]he fact that a plaintiff was replaced by someone outside the protected class will ordinarily suffice for the required inference of discrimination" at the pleading phase. *Littlejohn v. City of New York*, 795 F.3d 297, 313 (2d Cir. 2015). We have also emphasized that such an allegation may be sufficient, but is not necessary. In the context of a summary judgment motion, where the plaintiff's burden is higher than the pleading stage, we have explained that a plaintiff is not required to establish that they were replaced by someone outside the protected class in order to establish a *prima facie* case. *Leibowitz v. Cornell University*, 584 F.3d 487, 502–03 (2d Cir. 2009) (superseded on other grounds by statute as to the NYCHRL claim, as recognized in *Mihalik v. Credit Agricole Cheuvreux North America, Inc.*, 715 F.3d 102, 108–09 (2d Cir. 2013)). "Instead, our prior cases have made clear that a variety of circumstances can give rise to an inference of discrimination[.]" *Id.* at 503.

Here, Mitchell alleged that he and four other similarly situated older teachers, all "men of color," were replaced by "younger Hispanic teachers who were in their late 20's to early 30's." App'x at 234. These allegations suggest a pattern of adverse actions toward older black men, including Mitchell. *Cf. Leibowitz*, 584 F.3d at 502–03 (evidence that six older women were laid off, that the plaintiff's duties were primarily reassigned to male instructors, and that the plaintiff was not considered for any vacant positions was sufficient to support an inference of discrimination at the summary judgment stage). And the complaint specifically alleges that those older Black men, including Mitchell, were "replaced" by younger non-Black men. App'x at 234. These are the types of allegations entitled to a presumption of truth on a Rule 12(b)(6) motion.

Furthermore, Mitchell's allegations on information and belief concerning the demographics of the teachers hired in place of the terminated older teachers, including him, are sufficient at the pleading stage. *See Boykin v. KeyCorp*, 521 F.3d 202, 214–15 (2d Cir. 2008) (concluding that a plaintiff stated a discrimination claim when she alleged on information and belief that "similarly situated loan applicants who were not in the protected classes . . . were treated more favorably"). We thus disagree with the DOE that Mitchell was required to take additional investigative

steps before filing his complaint. Our conclusion is supported by the other allegations in the complaint that supply "bits and pieces of evidence that together give rise to an inference of discrimination" because of race and age. *Vega*, 801 F.3d at 87. For instance, Mitchell alleged that he received poor performance reviews despite excellent student performance, setting him up to be fired, while two similarly-situated teachers who were younger instead received tenure. *See* App'x at 234. The DOE's contention that Mitchell failed to show comparable performance between himself and comparators can be explored during discovery, summary judgment, or trial, but they are not a basis to dismiss allegations of discrimination at the pleading stage of the case, when we must assume Mitchell's factual allegations to be true. *See Brown v. Daikin America Inc.*, 756 F.3d 219, 230 (2d Cir. 2014).

As to whether Mitchell sufficiently alleged that Fontanez was personally involved in the decision to terminate his employment to support his § 1983 claim against her, s*ee Littlejohn*, 795 F.3d at 314, we again agree with Mitchell. The complaint alleges that Fontanez, as Wadleigh's principal, was personally involved in rating Mitchell's performance, and that her poor performance ratings led to his termination in 2018. *See* App'x at 234. Accordingly, Fontanez is a proper

defendant in her individual capacity for Mitchell's § 1983 claim.  *Cf. Back v. Hastings On Hudson Union Free School Dist.*, 365 F.3d 107, 122, 125–26 (2d Cir. 2004) (school principal could be individually liable under § 1983 for animus-driven performance reviews resulting in denial of tenure to the plaintiff).  For these reasons, we conclude that the district court erred in dismissing Mitchell's race and age discrimination claims against the DOE under Title VII and the ADEA, and against Fontanez under § 1983.

### B. Retaliation

Mitchell alleged that he was subjected to unlawful retaliation under Title VII, the ADEA, and § 1983 in response to (1) his appealing his poor performance rating and (2) his membership in a class that litigated a successful class action lawsuit brought against the DOE in federal court in the 1990s (the "*Gulino* Class Action"), and that the DOE retaliated against him for filing complaints on behalf of his special education students in violation of Section 504 of the Rehabilitation Act.

With respect to Mitchell's claims under Title VII, the ADEA, and § 1983, those statutes protect employees from retaliation when an employee opposes an employer's unlawful practice. *See Kelly v. Howard I. Shapiro & Associates Consulting*

*Engineers, P.C.*, 716 F.3d 10, 14–15 (2d Cir. 2013). The conduct of which the employee complains cannot violate "just any law"—rather, it must violate the specific antidiscrimination statute under which the plaintiff seeks protection from retaliation. *Id.* at 14. We have thus held retaliation complaints insufficient where a plaintiff "complain[ed] of something that appears to be discrimination in some form" without complaining at the time that the employer's conduct was unlawfully discriminatory. *Id.* at 15–16; *cf. Manoharan v. Columbia University College of Physicians & Surgeons*, 842 F.2d 590, 593–94 (2d Cir. 1988) (a plaintiff did not show unlawful retaliation when her "objections at the time neither pointed out discrimination against particular individuals nor discriminatory practices" by the employer).

Mitchell alleged that he complained to the DOE that his poor performance rating was factually unwarranted, but he did not allege that he complained to the DOE that his poor performance rating was *discriminatory* under Title VII, the ADEA, or § 1983. Accordingly, his appeal was not protected activity for purposes of retaliation claims under these statutes.

Mitchell's participation in the *Gulino* Class Action is likewise not actionable. Participation in a Title VII lawsuit is protected conduct under Title VII's anti-

retaliation provision. The question is whether the complaint alleges that "the employer was aware of that activity; []the employee suffered a materially adverse action; and []there was a causal connection between the protected activity and that adverse action." *Kelly*, 716 F.3d at 14. Even if we assume that the DOE had general corporate knowledge of Mitchell's participation in that class action, the complaint offers no basis to infer that Mitchell would not have been terminated *but for* his participation in the *Gulino* class action. *See Vega*, 801 F.3d at 90–91 ("[F]or an adverse retaliatory action to be 'because' a plaintiff made a charge, the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action."). The allegations of retaliation for the *Gulino* Class Action therefore fail.

Finally, we conclude that Mitchell's complaint does not state a claim for retaliation under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). Under that statute, a teacher may have an action for retaliation when the teacher "[1] engaged in a protected activity, [2] the alleged retaliator knew that [the teacher] was involved in protected activity, [3] an adverse decision . . . was taken against [the teacher]; and [4] a causal connection exists between the protected activity and

11

the adverse action." *Weixel v. Bd. of Educ. of the City of New York*, 287 F.3d 138, 148 (2d Cir. 2002). But his claims do not sufficiently allege causation.

"Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." *Slattery v. Swiss Reinsurance America Corp.*, 248 F.3d 87, 95 (2d Cir. 2001) (granting summary judgment to defendant on a retaliation claim when there was no dispute in the evidence that poor performance, and not complaints of discrimination, caused the plaintiff to be fired).

Here, Mitchell alleges that he began receiving poor ratings as he "approached retirement age," in the 2016–17 and 2017–18 school years, including a rating of "ineffective" for the 2016–17 school year. App'x at 234, 235. He made the protected complaints on behalf of his special education students in May and June of 2018. *Id.* at 234. Because the negative performance evaluations that led to his termination preceded the protected activity, Mitchell cannot rely on temporal proximity alone to support his claim of retaliation. The district court thus did not err in dismissing this claim.

*C. Due Process*

The Fourteenth Amendment requires that, before terminating certain public employees, government employers must provide "oral or written notice of the charges against [the employee], an explanation of the employer's evidence, and an opportunity to present [the employee's] side of the story." *Faghri v. University of Connecticut*, 621 F.3d 92, 99 (2d Cir. 2010). Even if we assume that Mitchell had a constitutionally protected property interest in his employment, his complaint establishes that he *did* receive the "minimal" hearing required before he was terminated. *Id.*; *see also* App'x at 236 (Mitchell's own description of his discontinuance hearing). Mitchell argues he was entitled under state law to a different type of hearing than the one he received, but "a violation of state law is not cognizable under § 1983." *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985).

* * *

Accordingly, the district court's judgment is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
